UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JERMAINE DUANE IRVIN-BEY**                                   **PETITIONER**

V.                              NO. 2:18-CV-00053-JM-JTR

**GENE BEASLEY, Warden,**
**FCI-Forrest City**                                                      **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Discussion

On March 28, 2018, Petitioner Jermaine Duane Irvin-Bey ("Irvin-Bey"), an inmate at the Federal Correction Institution in Forrest City, Arkansas, filed papers which were construed as a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus. *Doc. 1*. Because Irvin-Bey did not pay the $5.00 filing fee or request to proceed *in forma pauperis* and because he failed to provide sufficient information for the Court

to conduct the required screening of his federal habeas claims, the Court did not order service of the Petition. *Doc. 3*.

Instead, on April 2, 2018, the Court entered an Order giving Irvin-Bey until May 3, 2018 to (a) either file a completed Application to Proceed Without Prepayment of Fees (Form AO 240), including the Certificate of Prisoner Accounts, or pay the $5.00 filing fee in full; **and** (b) file a completed Petition for Writ (Form AO 241). The Court advised Irvin-Bey that, if he failed to timely and properly comply with this Order, this habeas action would be dismissed. *Doc. 3*.

Irvin-Bey has not paid the filing fee, nor has he completed the forms provided. Instead, Irvin-Bey has filed two incoherent pleadings, both entitled "Specific Negative Averment." *Docs. 5 and 6*. Rather than completing the forms provided as the Court instructed, Irvin-Bey returned the Order and Form AO 241 with nonsensical handwritten directives to "please file federal tax form 1099 ... to return to 'source' ... front and back accepted for value and returned for value ... exempt from levy ... without recourse[.]" *Doc. 5*, pp. 15-22; *Doc. 6*, pp. 2-20. It is now May 9, 2018, and the time for providing responses in compliance with the Court's

Order has passed. Thus, the record makes clear that Irvin-Bey has violated his obligations under Local Rule 5.5(c)(2)[1] and dismissal is appropriate.[2]

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DISMISSED, WITHOUT PREJUDICE.

Dated this 14th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] It is the duty of any party not represented by counsel to ...prosecute or defend the action diligently... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[2] Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders.